IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISANDRA GONZALEZ, individually and on behalf of all persons similarly situated, | Civil Action No.: |
| Plaintiff, | Complaint — Class & Collective Action |
| v. | Jury Trial Demanded |
| VERITAS CONSULTANT GROUP, LLC, d/b/a MORAVIA HEALTH NETWORK, | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Lisandra Gonzalez ("Plaintiff" or "Gonzalez"), through her undersigned counsel, individually and on behalf of all persons similarly situated, files this Class and Collective Action Complaint against Veritas Consultant Group, LLC, doing business as Moravia Health Network ("Defendant" or "MHN"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and Pennsylvania state law. The following allegations are made on personal knowledge as to Plaintiff and on information and belief as to others.

2. Despite the Pennsylvania Supreme Court's clear ruling in *Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 517 (2010), that third-party home health agencies must pay their home health aides overtime compensation under Pennsylvania law, and the Department of Labor's January 1, 2015 revised FLSA regulations, MHN failed to pay Plaintiff and other home health aides overtime compensation.

### JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28

U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as Plaintiff's FLSA claim.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the Eastern District of Pennsylvania ("District") and Defendant conducts business in that District.

## PARTIES

6. Plaintiff Lisandra Gonzalez ("Plaintiff" or "Gonzalez") is an individual currently residing in Philadelphia, Pennsylvania. Plaintiff worked for MHN as a home health aide, performing home care support and services to elderly and disabled clients in Pennsylvania from approximately January 2015 to December 2016. Plaintiff's written consent to be a Plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

7. Defendant Veritas Consultant Group, LLC, doing business as Moravia Health Network ("Defendant" or "MHN"), is a Delaware limited liability company with its headquarters and principal place of business in Philadelphia, Pennsylvania. MHN is a provider of integrated healthcare services, offering home care and health services to individuals.

8. MHN employed Plaintiff and has employed and continues to employ similarly situated persons.

9. MHN engages in commerce as defined in 29 U.S.C. § 203 and employs individuals engaged in commerce. *See* 29 U.S.C. § 202(a).

10. Throughout the relevant period, MHN's annual gross volume of business exceeded $500,000.

2

11. Throughout the relevant period, MHN has employed a complement greater than the equivalent of ten (10) full-time employees.

## CLASS DEFINITIONS

12. Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following similarly situated persons:

> All persons who were employed by Veritas Consultant Group, LLC, doing business as Moravia Health Network ("MHN") as home health aides in the United States between the effective date of the U.S. Department of Labor's Home Care Final Rule, 29 C.F.R. § 552.6 and the present (the "FLSA Class").

13. Plaintiff brings Counts II, III, and IV of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class:

> All persons who were employed by Veritas Consultant Group, LLC, doing business as Moravia Health Network ("MHN") as home health aides in Pennsylvania between March 24, 2013[1] and the present (the "Pennsylvania Class").

14. The FLSA Class and the Pennsylvania Class are collectively referred to as the "Classes."

15. Plaintiff reserves the right to redefine the FLSA Class and the Pennsylvania Class prior to notice or class certification, and thereafter, as necessary.

## FACTS

16. MHN employs home health aides, such as Plaintiff, to perform a variety of services—including medication management, incontinent care, light housekeeping, bathing, dressing, grooming, ambulation assistance, and meal assistance among other services—to elderly and disabled clients in this District and, upon information and belief, elsewhere in Pennsylvania.

17. MHN's home health aides are trained employees, and MHN holds them out to the

---

[1] The statute of limitations on Plaintiff's unjust enrichment claim under Pennsylvania law is four (4) years. Accordingly, Count IV of the Complaint goes back to March 24, 2013.

3

public as such.

18. From approximately January 2015 to December 2016, Plaintiff was employed as a home health aide by MHN.

19. MHN employed Plaintiff and Class Members to provide home care support to its elderly and disabled clients.

20. Plaintiff and Class Members provided domestic services in or about the private homes of MHN's clients.

21. MHN is not a householder under 34 P.A. Code § 231.1. Instead, Plaintiff and Class Members performed work in or about the private dwellings of MHN's clients for MHN in MHN's pursuit of a trade, occupation, profession, enterprise, or vocation.

22. As a home health aide, Plaintiff assisted clients with dressing, personal care, meals, light housekeeping, and medication management among other duties. Other Class Members performed the same or substantially similar job duties.

23. In general, MHN paid Plaintiff and the Class Members at an hourly wage for hours worked, *i.e.*, straight time. For example, Plaintiff was generally paid at rates between $11 and $12.50 per hour based on hours worked as submitted by Plaintiff to MHN through timesheets.

24. Plaintiff routinely worked and properly submitted timesheets in excess of forty (40) hours per workweek. Similarly, other Class Members routinely worked and properly submitted timesheets in excess of forty (40) hours per workweek.

25. MHN did not pay Plaintiff and Class Members overtime compensation for hours worked over forty (40) per workweek.

26. Plaintiff complained to MHN's office managers on multiple occasions that she was not paid for overtime when she worked over forty hours per workweek. Each time, MHN told

4

Plaintiff that it did not pay overtime and offered instead minor increases to her hourly wage.

27. No good faith dispute or contest exists as to the entitlement of Plaintiff and Class Members to these wages.

28. In November 2010, the Pennsylvania Supreme Court held that home healthcare providers did not qualify for the domestic service exemption from minimum wage and overtime requirements under Pennsylvania law. *See Bayada Nurses, Inc. v. Dep't of Labor*, 607 Pa. 527 (2010).

29. On October 1, 2013, the U.S. Department of Labor issued the Home Care Final Rule, extending minimum wage and overtime protections under the FLSA to home care workers like Plaintiff and Class Members, which became effective on January 1, 2015 ("Final Rule"). The Final Rule was challenged by an association of home care companies and was upheld on August 21, 2015 by the U.S. Court of Appeals for the District of Columbia. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015) *pet. for cert. pending*, No. 15-683. The Supreme Court declined to stay the effective date of the ruling, and on October 13, 2015, the Court of Appeals reversed the district court's orders. *See* U.S. Dep't. of Labor, Wage and Hour Division, "Important Information Regarding recent Home Care Litigation in the U.S. District Court of D.C.," available at https://www.dol.gov/whd/homecare/litigation.htm.

30. MHN should have known of the Department of Labor's Home Care Final Rule, as it was widely publicized, including within the industry.

31. As a home healthcare agency, MHN was or should have been aware of the *Bayada* and MHN's obligation to pay its home health aides, including Plaintiff and Pennsylvania Class members, overtime and other proper compensation. Instead, MHN ignored these obligations and failed to pay overtime and other proper compensation to Plaintiff and the Pennsylvania Class.

5

32. Moreover, throughout the entire relevant time period, MHN was aware that Plaintiff and other Pennsylvania Class members were not properly compensated under Pennsylvania law because Plaintiff and other Pennsylvania Class members' timesheets clearly demonstrated that they routinely worked more than forty (40) hours per workweek but did not receive overtime compensation.

33. By not taking actions to pay home health aides overtime in spite of this Final Rule, MHN has acted willfully and in reckless disregard of the applicable FLSA provisions by failing to pay overtime with knowledge that such time was compensable.

34. MHN disregarded Pennsylvania law by failing to properly compensate Plaintiff and the Pennsylvania Class for hours worked in excess of forty (40) during the workweek.

35. Based on information and belief, MHN continues its practices of failing to pay its home health aides overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the FLSA Class as defined above.

37. Plaintiff desires to pursue her FLSA claim on behalf of all individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

38. Plaintiff and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or have worked pursuant to MHN's common business and payroll practices as described herein, and, as a result of such practices, have not been paid overtime compensation due as described herein. Resolution of this action requires inquiry into common facts, including, *inter alia*, MHN's common compensation and payroll practices.

39. These similarly situated employees are known to MHN, readily identifiable, and can be easily located through MHN's business records.

40. MHN employs and has employed many FLSA Class members throughout the United States. These similarly situated current and former employees may be readily notified of this action through U.S. mail and/or other reasonable means, and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Pennsylvania Class as defined above.

42. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

43. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Pennsylvania Class members, including, without limitation, whether MHN has violated and continues to violate Pennsylvania law through its policies and practice of not paying its home health aide employees overtime compensation.

44. Plaintiff's claims are typical of the claims of Pennsylvania Class members in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices, and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances;

(d) there are no conflicts between the interests of Plaintiff and other Pennsylvania Class members; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by other Pennsylvania Class members.

45. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there are no conflicts between the claims of Plaintiff and those of other Pennsylvania Class members, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel is competent and experienced in litigating class actions and other complex litigation, including wage and hour cases like this one.

46. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Pennsylvania Class members.

47. Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are expected to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from MHN's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent and varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for MHN.

48. A class action is superior to other available methods for adjudication of this

controversy because, without limitation: (a) joinder of all members is impractical; (b) the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable those Pennsylvania Class members to maintain separate suits against MHN; (c) Plaintiff is not aware of any litigation concerning the controversy alleged herein already begun by any Pennsylvania Class member against Defendant; (d) it is desirable to concentrate the litigation of the Pennsylvania Class members' claims in the Eastern District of Pennsylvania because substantially all of the alleged wrongdoing took place in that District, Defendant's principle place of business is located in that District, and substantially all of the Pennsylvania Class members reside in that District; and (e) the Pennsylvania Class members do not have special interests in individually controlling the prosecution of separate actions because the prosecution of Plaintiff's claims will fairly and adequately protect the interests of the Pennsylvania Class members and Plaintiff does not expect the litigation of individualized defenses or theories of recovery.

49. Without a class action, MHN will retain the benefit of its wrongdoing, which will result in further damages to the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## Violations of the FLSA
### (On Behalf of Plaintiff Gonzalez and the FLSA Class)

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1½) times the regular rate at which they are compensated (the "overtime wage"). *See* 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

52. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

9

53. MHN is subject to the wage requirements of the FLSA because MHN is an "employer" under 29 U.S.C. § 203(d).

54. At all relevant times, MHN was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 202(a), and 29 C.F.R. § 552.100.

55. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the FLSA's above-described protections. *See* 29 U.S.C. § 203(e).

56. From the effective date of the DOL Final Rule, Plaintiff and the FLSA Class are entitled to be paid overtime wages for hours worked exceeding forty (40) in a workweek pursuant to 29 U.S.C. § 207 and 29 C.F.R. § 552.100.

57. MHN, pursuant to its policies and practices, failed and refused to pay overtime wages to Plaintiff and the FLSA Class as required by the FLSA.

58. MHN knowingly failed to compensate Plaintiff and the FLSA Class overtime wages in violation of 29 U.S.C. §§ 206 and 207, and 29 C.F.R. § 552.100.

59. In violating the FLSA, MHN acted willfully and with reckless disregard of clearly applicable FLSA provisions.

60. Pursuant 29 U.S.C. § 216(b), employers, such as MHN, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

### COUNT II
### Violations of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff Gonzalez and the Pennsylvania Class)

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq.*

("PMWA"), requires that covered employees be compensated for all hours worked in excess of forty (40) per workweek at a rate not less than one and one-half (1½) times the regular rate at which they are compensated. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

63. MHN is subject to the minimum wage and overtime requirements of the PMWA because MHN is an employer under 43 P.S. § 333.103(g).

64. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the PMWA's above-described protections. *See* 43 P.S. § 333.103(h).

65. MHN's compensation scheme applicable to Plaintiff and the Pennsylvania Class failed to comply with 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

66. MHN failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) per workweek, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

67. Pursuant 43 P.S. § 333.113, employers, such as MHN, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the unpaid wages, and court costs and attorneys' fees incurred in recovering those unpaid wages.

### COUNT III
### Violations of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of Plaintiff Gonzalez and the Pennsylvania Class)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("PWPCL"), requires that employers pay covered employees all wages due, including overtime wages. *See* 43 P.S. § 260.3(a).

70. MHN is subject to the wage payment requirements of the PWPCL because MHN is an "employer" under 43 P.S. § 260.2(a).

71. During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the PWPCL's above-described protections.

72. MHN failed to compensate Plaintiff and the Pennsylvania Class overtime for hours worked more than forty (40) in a workweek, in violation of Pennsylvania Code, 43 P.S. § 260.3.

73. MHN is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Pennsylvania Class' wages that concern this lawsuit

74. MHN does not have written authorization from any Plaintiff or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

75. Pursuant 43 P.S. §§ 260.9(a) and 260.10, employers, such as MHN, who fail to pay an employee wages in conformance with the PWPCL shall be liable to the employee for the unpaid wages, liquidated damages, and reasonable attorneys' fees incurred in recovering the unpaid wages.

76. MHN is in violation of Pennsylvania law by failing to pay Plaintiff and the Pennsylvania Class for all compensable time and by failing to pay Plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT IV
## Unjust Enrichment
## (On Behalf of Plaintiff Gonzalez and the Pennsylvania Class)

77. All previous paragraphs are incorporated as though fully set forth herein.

78. MHN has received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

79. At all relevant times, MHN devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class

without properly paying compensation for overtime.

80. Contrary to all good faith and fair dealing, MHN induced Plaintiff and the Pennsylvania Class to perform work while failing to properly compensate them for all hours worked as required by law, including overtime hours.

81. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without proper compensation as required by law, MHN enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class. MHN retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

82. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by MHN.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

   a. An order certifying this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

   b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

   c. An order certifying this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

   d. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

   e. Liquidated damages to the fullest extent permitted under the law;

   f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: March 24, 2017

Respectfully submitted,

/s/

Sarah R. Schalman-Bergen (PA 206211)
Camille Fundora (PA 312533)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
sschalman-bergen@bm.net
cfundora@bm.net

Richard M. Simins (PA 57754)
Jackson E. Warren (PA 321263)
MONTGOMERY McCRACKEN
WALKER & RHOADS LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone: (215) 772-1500
Facsimile: (215) 772-7407
rsimins@mmwr.com
jwarren@mmwr.com

*Attorneys for Plaintiff and the Proposed Classes*